**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-2464

RONALD A. EDWARDS,

Plaintiff - Appellant,

versus

QUEST DIAGNOSTICS, INCORPORATED; KATHY PROFIT;
MARYLIN MARTIN,

Defendants - Appellees.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.  Marvin  J. Garbis, Senior District Judge.
(CA-03-324-1-MJG)

Submitted:  July 23, 2004          Decided:  August 19, 2004

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Ronald A. Edwards, Appellant Pro Se.  Brian Wayne Steinbach,
EPSTEIN, BECKER & GREEN, P.C., Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Ronald A. Edwards appeals the district court's order granting Defendants' motions to dismiss Edwards' claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213 (2000). Edwards also appeals the dismissal of his intentional infliction of emotional distress claim.

Because the district court considered materials outside the parties' pleadings, we construe its action in granting Appellees' motions as granting summary judgment. See Fed. R. App. P. 12(b). In reviewing an appeal from a district court's grant of summary judgment, this court conducts a review de novo, assessing whether there is a genuine question of material fact, drawing all factual contentions and justifiable inferences to favor the nonmovant. See, e.g., Brinkley v. Harbour Recreation Club, 180 F.3d 598, 606 (4th Cir. 1999).

We agree with the district court that Edwards' ADEA claims are procedurally barred. See Dennis v. County of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995) (holding that claims that exceed scope of EEOC charge are procedurally barred). We also agree that Edwards failed to present a prima facie claim of discrimination under the ADA. See Haulbrook v. Michelin N. America, 252 F.3d 696, 702 (4th Cir. 2001) (stating elements that comprise a prima facie case of discrimination under the ADA). Finally, we agree that

- 2 -

Edwards' allegations of intentional infliction of emotional distress failed to rise to the level of an actionable claim. <u>See Harris v. Jones</u>, 380 A.2d 611, 614 (Md. 1977) (stating Maryland state law elements claimant must establish to make out a claim for the intentional infliction of emotional distress). Because we find Edwards' claims either procedurally barred or without merit, we do not reach the question of individual liability under the ADA or the ADEA. Accordingly, we affirm the district court's dismissal of Edwards' claims. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>